IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ELIJAH BURKE SWALLOW | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-544 |
| LIEUTENANT GUITTERREZ | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Elijah Burke Swallow, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights suit pursuant to 42 U.S.C. § 1983 against Lieutenant Guitterrez.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

The court previously entered an Order (doc. #5) directing the United States Marshal Service to serve Defendant with process at the address provided by Plaintiff. The Marshal Service attempted to serve Defendant by certified mail, but was unsuccessful (doc. #7). An Order (doc. #14) was entered giving Plaintiff 30 days to provide an address at which Defendant could be served.

Plaintiff filed two responses to the Order (doc #16 and doc. #18). This case was severed from civil action number 1:18cv133 (doc. #1). Plaintiff asserts Defendant was served with process in the original case. A review of the docket sheet in civil action number 1:18cv133 reveals Plaintiff is mistaken. Neither of the defendants in that lawsuit, including Defendant Guitterrez, were served with process. Plaintiff did not provide a different address for Defendant in either of two his responses.

As Plaintiff is proceeding *in forma pauperis*, he is not responsible for serving Defendant with process. However, he is responsible for providing an address at which Defendant can be

served. *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007); *Maltezos v. Giannakouros*, 522 F. App'x 106, 108 (3rd Cir. 2013).

Federal Rule of Civil Procedure 4(m) provides that a claim shall be dismissed if the defendant is not served within 90 days. As more than 90 days have elapsed since this case was filed, and as Plaintiff has been unable to provide an address at which Defendant can be served with process, this case should be dismissed without prejudice pursuant to Rule 4(m).

## Recommendation

This civil rights lawsuit should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## Objections

Objections to this Report and Recommendation must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 3rd day of January, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE